UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BRIAN M. CASEY,**

 **Plaintiff,**

**v.**          **Case No. 3:13cv461/LC/CJK**

**MICHAEL D. CREWS,**

 **Defendant.**
_____/

## ORDER and
## <u>REPORT AND RECOMMENDATION</u>

  This cause is before the court on the plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (doc. 4), motion to proceed *in forma pauperis* (doc. 2), and motion for appointment of counsel (doc. 5). For the limited purpose of dismissing this action, the plaintiff's motion to proceed *in forma pauperis* will be granted. Upon review of the plaintiff's amended complaint, the Court recommends that the case be dismissed as malicious based on the plaintiff's abuse of the judicial process.

  Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Blackwater River Correctional Facility. (Doc. 4). Plaintiff's amended complaint names twelve defendants: Michael D. Crews, Secretary of the

DOC; Assistant Inspector General Kopp; Warden Churchwell; Assistant Warden Sexton; Assistant Warden Kelly; Major Schwensberg; Sergeant Ingram; Sergeant Harris; Officer Bearden; Officer Hardin; and Unknown Officers 1 and 2. (Doc. 4, pp. 2-3). The plaintiff claims that the defendants are violating his rights under the First, Fourth, Eighth, and Fourteenth Amendments to United States Constitution by denying his requests for protective custody and deliberately placing him in harm's way. (*Id.*, pp. 8-11). As relief, plaintiff seeks a temporary restraining order and permanent injunction requiring that he be placed in protective custody in or near Ft. Myers, Florida, where his family is located, and that the defendants be prohibited from threatening or causing others to threaten or harm him and seizing or withholding his legal mail. (*Id.*, pg. 12). He also seeks compensatory and punitive damages from each defendant in the amount of $10,000.00. (*Id.*, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On the civil rights complaint form he submitted, the plaintiff was required to identify and describe all other federal court actions he has filed dealing with the "same or similar facts/issues involved in this action." (Doc. 4, p. 5). He also was required to identify and describe all other federal civil actions he has initiated that relate to the fact or manner of his incarceration, including habeas corpus petitions, or the conditions of his confinement, including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved

excessive force or some other wrong. In response to those questions, the plaintiff disclosed a number of federal cases – seven, to be exact. In response to a question asking whether he had initiated lawsuits or appeals from lawsuits in federal court that were dismissed as frivolous, malicious ,or for failure to state a claim upon which relief may be granted, the plaintiff identified one case that was filed in this court and recently was dismissed as malicious for abuse of the judicial process.[1] *See Casey v. Crews*, Case Number 3:13cv92/RV/CJK. The plaintiff failed to disclose a number of other cases that should have been disclosed.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g),[2] the court must investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court consider whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

---

[1] Ironically, the court dismissed the identified case because the plaintiff failed to disclose prior federal lawsuits, as directed.

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plaintiff is well aware of this provision, as he has been deemed a "three striker" on more than one occasion, as set forth below.

The court takes judicial notice that, at the time the plaintiff filed his complaint in this case, the plaintiff had initiated at least ten other lawsuits in federal court that should have been disclosed, including the following:

- *Casey v. Hall*, Middle District Case Number 2:12cv453, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Lee County Jail. The case was dismissed on September 14, 2012, because the plaintiff did not pay the filing fee and neither qualified for *in forma pauperis* status due to the "three strikes rule" nor alleged that he was in imminent danger of serious physical injury.

- *Casey v. Brock, et al.*, Middle District Case Number 2:09cv192, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at Lee County Jail. The case was dismissed upon the request of the plaintiff on May 11, 2009.

- *Casey v. Brock, et al.*, Middle District Case Number 2:09cv199, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at Lee County Jail. The case was dismissed upon the request of the plaintiff on May 11, 2009.

- *Casey v. Brock et al.*, Middle District Case Number 2:09cv228, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at Lee County Jail. The case was dismissed upon the request of the plaintiff on May 11, 2009.

- *Casey v. Brock, et al.*, Middle District Case Number 2:09cv245, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at Lee County Jail. The case was dismissed upon the request of the plaintiff on May 8, 2009.

- *Casey v. Camp, et al.*, Middle District Case Number 2:11cv7, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at Lee County Jail. The case was dismissed upon the request of the plaintiff on March 1, 2011, but the court denied the plaintiff's request for a return

of the filing fee, noting that the plaintiff had filed and dismissed four other civil actions in that court concerning his conditions of confinement while in the Lee County Jail and finding that the plaintiff's conduct in that regard constituted an abuse of the judicial process.

- *Casey v. Hall*, Middle District Case Number 2:11cv8, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at Lee County Jail. The case was dismissed upon the request of the plaintiff on March 22, 2011.

- *Casey v. Hall, et al.*, Middle District Case Number 2:11cv15, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at Lee County Jail. The case was dismissed upon the request of the plaintiff on March 1, 2011, but the court denied the plaintiff's request for a return of the filing fee, noting that the plaintiff had filed and dismissed four other civil actions in that court concerning his conditions of confinement while in the Lee County Jail and finding that the plaintiff's conduct in that regard constituted an abuse of the judicial process.

- *Casey v. Scott, et al.*, Middle District Case Number 2:11cv580, a civil rights lawsuit plaintiff filed in federal court while plaintiff was incarcerated at the Lee County Jail. The case was dismissed on October 25, 2011, as malicious and for failure to state a claim.

- *Casey v. Scott*, Middle District Case Number 2:12cv2, a civil rights lawsuit plaintiff filed in federal court while plaintiff was incarcerated at the Lee County Jail. The case was dismissed on January 5, 2012, because the plaintiff did not pay the filing fee and neither qualified for *in forma pauperis* status due to the "three strikes rule" nor alleged that he was in imminent danger of serious physical injury.

All of the foregoing cases may be positively identified as having been filed by the plaintiff because they bear either his Florida Department of Corrections' inmate number, #139647, or his Lee County Jail inmate number, #101274.

The court has the authority to control and manage matters such as this pending before it, and the plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it, particularly by a plaintiff who has engaged in such conduct in the past. Here, as before, the plaintiff falsely responded to questions on the complaint form by not disclosing his litigation history despite knowledge that disclosure of all prior civil cases was required. If the plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court will not allow the plaintiff's false responses to go unpunished and finds that an appropriate sanction for his abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

2. As funds become available in plaintiff's inmate account, plaintiff is required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into his account) <u>in each case he has filed in this court.</u>[3] The agency having custody of plaintiff shall forward to the clerk of court payments from plaintiff's account on a monthly basis each time the amount in the account exceeds

---

[3]Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

*Case No: 3:13cv461/LC/CJK*

$10.00.  These payments shall continue <u>until the filing fee of $350.00 is paid in full in each case</u>.  Personal checks directly from prisoners will not be accepted.

The following information shall either be included on the face of the check or money order or attached thereto:

(1) the full name of the prisoner;

(2) the prisoner's inmate number; and

(3) Northern District of Florida Case Number 3:13cv461/LC/CJK.

Checks or money orders which do not have this information will be returned to the penal institution or to the plaintiff.

3.  The Clerk of Court shall MAIL a copy of this order with the appropriate cover letter to:  Florida Department of Corrections, 501 S. Calhoun St. Tallahassee, FL 32399-2500, ATTN:  Agency Clerk.

4. Plaintiff is warned that he ultimately is responsible for payment of the filing fee in every case he has filed should the agency with custody over him lapse in its duty to make payments on his behalf. If the plaintiff is transferred to another jail or correctional institution, he must ensure that the new institution is informed about his federal litigation and the required monthly payments.  The plaintiff should retain a copy of this order for that purpose.

*Case No: 3:13cv461/LC/CJK*

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 7th day of October, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).